IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MICHAEL JOHN RODRIGUES,

    Petitioner,

v.

RON BARNES, Warden,

    Respondent.

No. C 12-02831 YGR (PR)

**ORDER GRANTING LEAVE TO FILE FIRST AMENDED PETITION, GRANTING MOTION TO STAY PETITION, DENYING MOTION TO EXTEND TIME TO FILE TRAVERSE, ADMINISTRATIVELY CLOSING CASE, AND DIRECTING PETITIONER'S COUNSEL TO MAKE AN APPEARANCE ON THE RECORD IF SHE INTENDS TO REPRESENT HIM IN THIS CASE**

**(Docket nos. 10, 13, 14)**

Petitioner, a state prisoner, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the validity of his state conviction. The Court directed Respondent to file an answer to the petition and granted Petitioner leave to file a traverse. Now pending before the Court are Petitioner's motions to file a first amended petition, stay the petition pending exhaustion of state remedies with respect to two unexhausted claims, and for an extension of time to file a traverse.

## BACKGROUND

A jury convicted Petitioner of three counts of forcible rape (Cal. Penal Code § 261(a)(2)), and one count of spousal rape (Cal. Penal Code § 262). He was sentenced to four consecutive terms of fifteen years to life in state prison. Resp't Exh. 4.[1]

Petitioner appealed the conviction and concurrently filed a petition for a writ of habeas corpus with the California Court of Appeal. Exh. 1. On May 18, 2011, the California Court of Appeal affirmed the judgment of conviction and denied the habeas petition. Exh. 4. On August 24, 2011, the California Supreme Court denied review of both the appeal and the habeas petition. Exhs. 5-8.

---

[1] All exhibits referred to in this Order are those lodged by Respondent in support of the answer to the petition, unless otherwise noted.

Petitioner, proceeding *pro se*, filed the present habeas petition on June 1, 2012, raising six claims. Docket no. 1. On July 9, 2012, the Court issued an order directing Respondent to show cause why the petition should not be granted. Docket no. 2.

On February 11, 2013, before Respondent filed an answer to the petition, Petitioner, who had retained counsel in October 2012 to represent him in this case, submitted a proposed first amended petition and moved the Court to hold further proceedings in abeyance pending the exhaustion of two additional claims in state court. Docket no. 10. On February 13, 2013, Respondent filed an answer to the original petition. Docket no. 12. Thereafter, Petitioner moved the Court to file the first amended petition and for an extension of time to file a traverse to the answer. Docket nos. 13, 14.

The Court ordered Respondent to address Petitioner's motions, which are now fully briefed.

## DISCUSSION

### I. Motion to File First Amended Petition

The original petition filed in this case contains the following six claims: (1) ineffective assistance of trial counsel based on counsel's failure to present evidence from a rape trauma syndrome expert to rebut the prosecution's evidence; (2) ineffective assistance of trial counsel based on counsel's failure to move to limit the admission of the prosecution's rape trauma syndrome evidence; (3) ineffective assistance of trial counsel based on counsel's failure to present expert testimony on factors affecting the reliability of a victim's testimony, such as memory and suggestibility; (4) ineffective assistance of trial counsel based on counsel's mishandling of the impeachment of Jane Doe I; (5) ineffective assistance of trial counsel based on counsel's failure to object to, and request an admonition with respect to, alleged prosecutorial misconduct; and (6) the violation of due process based on the court's admission of testimony about Petitioner's prior sexual conduct. Docket no. 1 (Pet. Attach. 1).

Respondent does not argue that any of these claims is unexhausted and, as noted, has filed an answer in response thereto.

The proposed first amended petition includes the six exhausted claims from the original petition, three additional exhausted claims that Petitioner states he inadvertently omitted from the original petition, and two new claims that have not yet been exhausted in state court. Docket no. 10.

2

Federal Rule of Civil Procedure 15 governs amendments to pleadings. Rule 15, made applicable to habeas proceedings by 28 U.S.C. § 2242, Federal Rule of Civil Procedure 81(a)(2), and Habeas Corpus Rule 11, allows amendments with leave of court any time during a proceeding. *Mayle v. Felix*, 545 U.S. 644, 654-55 (2005) (citing Fed. R. Civ. P. 15(a)). Before a responsive pleading is served, pleadings may be amended once as a matter of course. *Id.* at 655.

Here, Petitioner submitted his proposed first amended petition for filing before Respondent filed a responsive pleading to the petition. Accordingly, Petitioner's motion to file the first amended petition is GRANTED.[2] The first amended petition is deemed filed as of January 31, 2013, the date on which Petitioner handed it to prison officials for mailing.[3] Docket no. 10 (envelope).

## II.   Motion to Stay Petition

Petitioner moves to stay further proceedings pending the exhaustion of state remedies with respect to the following two claims raised in the first amended petition: (1) ineffective assistance of trial counsel based on counsel's failure to object to prosecutorial misconduct during rebuttal argument, and (2) ineffective assistance of appellate counsel based on counsel's failure to raise the ineffective assistance of trial counsel claim in post-conviction proceedings. Respondent objects to Petitioner's request.

Because Petitioner's first amended petition contains both exhausted and unexhausted claims, it is a "mixed" petition. A district court may stay a mixed habeas petition to allow the petitioner to exhaust state court remedies with respect to claims that have not yet been presented to the state's highest court. *See Rhines v. Weber*, 544 U.S. 269, 277-78 (2005). However, a stay "is only

---

[2] By granting leave to file the first amended petition, the Court expresses no opinion as to whether the new claims raised in the amended petition are timely. Amendments made after the applicable federal one-year statute of limitations ("AEDPA") has run relate back to the date of the original pleading if the original and amended pleadings "'ar[i]se out of the conduct, transaction, or occurrence.'" *Mayle*, 545 U.S. at 655 (quoting Fed. R. Civ. P. 15(c)(2)). "An amended habeas petition . . . does not relate back (and thereby escape AEDPA's one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." *Id.* at 650.

[3] Under the "mailbox rule" that applies to any inmate confined in an institution, *Jones v. Blanas*, 393 F.3d 918, 926 (9th Cir. 2004), a pro se prisoner's federal habeas petition is deemed filed on the date the prisoner delivers the petition to prison authorities for mailing. *See Saffold v. Newland*, 250 F.3d 1262, 1268 (9th Cir. 2001) ), *vacated and remanded on other grounds, Carey v. Saffold*, 536 U.S. 214 (2002).

3

appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court," the claims are not meritless, and there are no intentionally dilatory litigation tactics by the petitioner. *Id.*

Here, Petitioner argues that good cause exists for his failure to exhaust the two unexhausted claims before filing the present petition because his state appellate counsel failed to abide by his requests to thoroughly review the trial record and include all possible claims on appeal. In particular, Petitioner states that he "persistently complained to post-conviction counsel about the many improper comments in the prosecutor's argument to the jury," but counsel refused to raise a claim related to such misconduct. Docket no. 10 (Mot. at 4:1-3). It was only after Petitioner filed the present petition and retained counsel to represent him in these proceedings that he learned the unexhausted claims are meritorious and should be included in the petition. Both Petitioner and his retained counsel have submitted declarations attesting to the above course of events. *See id.* at 5-10.

Based on the above, the Court finds Petitioner has shown good cause for failing to exhaust the two unexhausted claims in state court before filing the present petition, the claims are not clearly without merit, and Petitioner has not engaged in intentionally dilatory tactics. Accordingly, the motion to stay the petition is GRANTED. No further proceedings shall take place in this case until Petitioner moves to lift the stay and add the newly-exhausted claims to the petition.

**III.   Motion for Extension of Time to File Traverse**

In view of the procedural posture of this case, Petitioner's motion for an extension of time to file a traverse to the answer to the petition is DENIED as moot.

**IV.   Appearance of Counsel**

As noted, Petitioner has informed the Court that he has retained counsel, specifically, Randi Covin, Esq., to represent him in this case. Ms. Covin has filed a declaration in which she confirms that she has been retained by Petitioner's family to represent him in his federal petition. Docket no. 10 (Covin Decl.) However, Ms. Covin has not made an appearance on the record, she is not listed on the court docket as Petitioner's counsel of record, and Petitioner continues to file papers in the case *in propria persona*. Petitioner cannot both be represented by counsel and proceed *pro se*. If he is represented by counsel in this case, then counsel must follow proper procedures for appearing on

4

1 Petitioner's behalf, adding her name to the court docket as counsel of record, and complying with
2 the court's electronic filing requirements.  Moreover, if Petitioner is represented by counsel then he
3 cannot continue to file *pro se* papers in this case.  Instead, the legal authority and obligation to
4 litigate this action on Petitioner's behalf falls upon counsel.  *See generally* Fed. R. Civ. P. 11.

5 Accordingly, no later than *twenty* days from the date of this Order, counsel shall make an
6 appearance in this case on Petitioner's behalf and comply with the court's electronic filing
7 requirements, or Petitioner shall notify the Court and Respondent that he intends to proceed *pro se*.

## CONCLUSION

9 For the foregoing reasons, the Court orders as follows:

10 1. Petitioner's motion to file a first amended petition is GRANTED.  The first amended
11 petition is deemed filed as of January 31, 2013.  Docket no. 10.

12 2. Petitioner's motion to stay the petition is GRANTED.  The Clerk of the Court shall
13 ADMINISTRATIVELY CLOSE the file.

14 No later than *thirty* days from the date the California Supreme Court issues a decision on
15 Petitioner's unexhausted claims, Petitioner shall file a "Motion to Lift Stay and Reopen Action" in
16 this case.

17 3. Petitioner's motion for an extension of time to file a traverse to the answer is DENIED as
18 moot.

19 4. No later than *twenty* days from the date of this Order, counsel shall make an appearance
20 on Petitioner's behalf and comply with the court's electronic filing requirements, or Petitioner shall
21 notify the Court and Respondent that he intends to proceed *pro se*.

22 5. The Clerk of the Court shall serve a copy of this Order on Petitioner and Respondent and
23 send a courtesy copy to Randi Covin, Esq., P.O. Box 1120, Willits, CA, 95490.

24 6. This Order terminates Docket nos. 10, 13 and 14.

25 IT IS SO ORDERED.

26 DATED:  August 16, 2013

**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**