IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL JOHN RODRIGUES,<br><br>  Petitioner,<br><br> v.<br><br>RON BARNES, Warden,<br><br>  Respondent.<br>_____/ | No. C 12-02831 YGR (PR)<br><br>**ORDER DENYING PETITIONER'S MOTION FOR APPOINTMENT OF COUNSEL WITHOUT PREJUDICE TO REFILING AFTER HE MOVES TO LIFT STAY OF PROCEEDINGS** |

  Petitioner, a state prisoner, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the validity of his state conviction.  Petitioner paid the full filing fee.  On July 9, 2012, the Court directed Respondent to file an answer to the petition and granted Petitioner leave to file a traverse.

  On February 19, 2013, Respondent filed his answer to the original petition, which contained the following six claims: (1) ineffective assistance of trial counsel based on counsel's failure to present evidence from a rape trauma syndrome expert to rebut the prosecution's evidence; (2) ineffective assistance of trial counsel based on counsel's failure to move to limit the admission of the prosecution's rape trauma syndrome evidence; (3) ineffective assistance of trial counsel based on counsel's failure to present expert testimony on factors affecting the reliability of a victim's testimony, such as memory and suggestibility; (4) ineffective assistance of trial counsel based on counsel's mishandling of the impeachment of Jane Doe I; (5) ineffective assistance of trial counsel based on counsel's failure to object to, and request an admonition with respect to, alleged prosecutorial misconduct; and (6) the violation of due process based on the court's admission of testimony about Petitioner's prior sexual conduct.  Dkt. 11.  Respondent does not argue that any of these claims is unexhausted and, as noted, has filed an answer in response thereto.

1    Petitioner then filed an amended petition including the six exhausted claims from the original
2 petition, three additional exhausted claims that he inadvertently omitted from the original petition,
3 and two new claims that had not yet been exhausted in state court. Dkt. 22. He also filed a motion
4 to stay the amended petition pending exhaustion of state remedies with respect to the two
5 unexhausted claims, and for an extension of time to file a traverse. Finally, Petitioner informed the
6 Court that he retained counsel, specifically, Randi Covin, Esq., to represent him in this case.
7 Attorney Covin filed a declaration in which she confirmed that she had been retained by Petitioner's
8 family to represent him in his federal petition. However, the Court noted that Attorney Covin had
9 not made an appearance on the record, that she was not listed as Petitioner's counsel of record, and
10 that Petitioner continued to file papers in the case *in propria persona*.

11    On August 16, 2013, the Court issued an Order granting Petitioner's request for a stay of
12 proceedings while he returned to state court to exhaust his state judicial remedies as to the two
13 unexhausted claims. The Court administratively close this action and directed Petitioner to file a
14 "Motion to Lift Stay and Reopen Action" no later than thirty days from the date the California
15 Supreme Court issues a decision on Petitioner's unexhausted claims. The Court also denied
16 Petitioner's motion for an extension of time to file a traverse as moot. The Court noted that
17 Petitioner cannot both be represented by counsel and proceed *pro se*. It instructed Attorney Covin to
18 make an appearance on Petitioner's behalf and comply with the Court's electronic filing
19 requirements.

20    Before the Court is Petitioner's motion for appointment of counsel. He specifically requests
21 the appointment of Attorney Covin, by whom Petitioner was represented after he retained her for the
22 early stages of his federal petition. However, Petitioner claims that he now needs the Court to
23 appoint an attorney for him because he no longer has sufficient funds to continue to retain Attorney
24 Corvin. The Court notes that Petitioner has not established his indigency because he has not filed an
25 *in forma pauperis* ("IFP") application.

## DISCUSSION

27    The Sixth Amendment's right to counsel does not apply in habeas corpus actions. *See*
28 *Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir. 1986). The Court may, however, appoint

2

1  counsel to represent a habeas petitioner whenever "the court determines that the interests of justice
2  so require and such person is financially unable to obtain representation."  18 U.S.C.
3  § 3006A(a)(2)(B).  The decision to appoint counsel is within the discretion of the district court.  *See*
4  *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986); *Knaubert*, 791 F.2d at 728; *Bashor v. Risley*,
5  730 F.2d 1228, 1234 (9th Cir. 1984).

Attached to the motion for appointment of counsel is the declaration of Attorney Covin, who states that she is willing and able to accept appointment on Petitioner's behalf.  (Covin Decl. ¶ 5.)

To date, Petitioner has not filed a motion to lift the stay, thus, it appears that he is still exhausting his state judicial remedies in state court.  In addition, he has not established his indigency to show that he qualifies for appointment of counsel.  Because this action has been stayed and administratively closed, the Court finds that the appointment of counsel is not warranted at this time.  Therefore, the motion for appointment of counsel is DENIED (dkt. 23) without prejudice to refiling after Petitioner files his "Motion to Lift Stay and Reopen Action."  At that time, Petitioner must also file an IFP application in order for this Court to determine whether he qualifies for appointment of counsel.

The Clerk of the Court shall serve a copy of this Order on Petitioner and Respondent, and send a courtesy copy to Randi Covin, Esq., P.O. Box 1120, Willits, CA, 95490.

The Clerk shall also send Petitioner a blank prisoner's IFP application.

This Order terminates Docket no. 23.

IT IS SO ORDERED.

DATED:  May 23, 2014

**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**