UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL JOHN RODRIGUES,<br>Petitioner,<br>v.<br>RON BARNES,<br>Respondent. | Case No.12-cv-02831-YGR<br>**ORDER DENYING MOTION FOR INDICATION OF WILLINGNESS TO ACCEPT REMAND**<br>Re: Dkt. No. 55 |

In this action currently on appeal before the Ninth Circuit Court of Appeals, petitioner Michael John Rodrigues brings a motion pursuant to Rules 60(b) and 62.1 of the Federal Rules of Civil Procedure, requesting that this Court indicate its willingness to accept remand from the Ninth Circuit to consider facts and evidence which petitioner represents were not available previously, through no fault of his own. (Dkt. No. 55.) More particularly, petitioner contends that the Court should consider a recent decision issued by the California Court of Appeal which determined that petitioner's trial attorney, Arthur Cantu, was grossly incompetent in his handling of a defense expert report in that unrelated case. (Dkt. No. 55 at ECF pgs. 38-60 [unpublished decision *In re Jonathan Joseph Fidone*, No. H043406].)[1] The California Court of Appeal's unpublished decision in *In re Fidone* issued November 6, 2018. This Court's Order denying petitioner's amended petition for writ of habeas corpus issued November 20, 2018. (Dkt. No. 46.) Counsel for petitioner did not learn of the *Fidone* decision until February 25, 2019. (Dkt. No. 55 at ECF pg. 36.)

Having carefully considered the papers submitted in support of and in opposition to the motion, as well as the pleadings in this action, and for the reasons set forth below, the Court **DENIES** the motion.

---

[1] Rodrigues' request for judicial notice of the unpublished decision in *In re Fidone* is **GRANTED**.

## I. APPLICABLE AUTHORITY

Rule 60(b) provides that "the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: . . . [¶] (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." A party seeking relief from a judgment on the basis of newly discovered evidence must show that it exercised due diligence to discover new evidence of "such magnitude that production of it earlier would have been likely to change the disposition of the case." *Feature Realty, Inc. v. City of Spokane*, 331 F.3d 1082, 1093 (9th Cir. 2003) (quoting *Coastal Transfer Co. v. Toyota Motor Sales, U.S.A., Inc.,* 833 F.2d 208, 211 (9th Cir.1987)). Rule 62.1 provides a procedure for remand to the district court during the pendency of an appeal if the district court determines "either that it would grant the [Rule 60] motion if the court of appeals remands for that purpose or that the motion raises a substantial issue." Fed. R. Civ. P. 62.1(a)(3).

## II. BACKGROUND

This Court denied Rodrigues' habeas petition herein rejecting, among other things, Rodrigues' claims that his conviction on three counts of rape and one count of spousal rape should be overturned based upon alleged pervasive ineffective assistance of Cantu. Claims III and IV of the petition were based on Cantu's alleged failure to present expert testimony. Rodrigues alleged in these claims that he was denied the effective assistance of counsel when Cantu failed to adequately investigate and present: a rebuttal expert on Rape Trauma Syndrome ("RTS") to counter the prosecution expert's testimony (Claim III), and an expert on lay witnesses' perception, suggestibility, and memory (Claim IV). The Court rejected both claims.

As to Claim III, the Court found that petitioner had not overcome the presumption that defense counsel's decisions were reasonable and sound trial strategy. (Order at 18.) Cantu had consulted with an expert on RTS, Dr. Martinelli, and ultimately determined not to call him since his report indicated that Rodrigues had serious sexual problems and a pattern of abusing sexual partners. (Order at 17.) Cantu stated that he did not consult additional experts because he believed their conclusions might also be damaging along those same lines, and that cross-examining the prosecution's expert would be a better way to undermine her opinions. (*Id*.)

2

With respect to Claim IV, the Court found that petitioner's arguments failed for two reasons: (1) petitioner did not overcome the presumption that Cantu's decision not to call Dr. Martinelli for his opinions on witness credibility and suggestibility was reasonable and sound trial strategy given Dr. Martinelli's other damaging conclusions about Rodrigues' history of abusing sexual partners; and (2) petitioner did not establish a reasonable likelihood that such testimony would have changed the jury's determination given the totality of the evidence before it. (Order at 19-20.)

**III. DISCUSSION**

Rodrigues contends that here, as in *Fidone*, Cantu has mishandled a defense report. Rodrigues argues that Cantu was grossly incompetent in this case. First, he argues that Cantu improperly determined he could not use Martinelli's helpful opinions about improper police interviewing techniques because Martinelli's prejudicial opinions about Rodrigues' history of abusing his sexual partners might come out on cross-examination. Second, he argues that Cantu avoided consulting other experts out of fear that he would get similar damaging reports from them. Rodrigues contends that Cantu should have recognized that there was no risk in consulting additional experts and instructing them to focus on RTS and witness suggestibility because there was no duty to disclose any unfavorable reports that might have resulted. Rodrigues offered, in connection with his petition, an expert on ineffective assistance who opined that Cantu acted unreasonably in deciding not to call an expert to counter the prosecution's RTS expert or to explain how the complaining witnesses' memories and perceptions might have been skewed by their past relationships with Rodrigues.

In *Fidone*, the court of appeal reversed judgment in that unrelated defendant's case, a sex offense involving penetration of a 19-month-old child. The *Fidone* court held that Cantu's performance was deficient because he listed the prosecution's chief witness, Reyna, as a defense witness, which triggered an obligation to disclose to the prosecution the defense investigator's interview with Reyna, which contained information very damaging to the defendant. Cantu stated that he had a blanket policy of listing every prosecution witness as a defense witness, and that he disclosed the investigator's report about Reyna even though he had no intention of calling Reyna

3

as a defense witness. (Dkt. No. 55 at ECF pg. 54-55.) The *Fidone* court concluded that Cantu's decisions to include Reyna on the defense witness list and to turn over the defense investigator's report to the prosecution constituted ineffective assistance of counsel and prejudiced his client in that matter. (*Id.* at ECF pg. 59.)

The *Fidone* opinion is not "newly discovered evidence" bearing on the effectiveness of Cantu's assistance in the underlying criminal action here. "[E]vidence that the attorney may have erred or acted inappropriately in unrelated cases will normally have little, if any, probative value" in determining whether the attorney acted unreasonably. *Bonin v. Calderon*, 59 F.3d 815, 828–29 (9th Cir. 1995). Even "the fact that an attorney is suspended or disbarred does not, without more, rise to the constitutional significance of ineffective counsel under the Sixth Amendment. Rather, a defendant must ordinarily point to specific conduct which prejudiced *him* in order to raise the constitutional claim." *United States v. Mouzin*, 785 F.2d 682, 696–97 (9th Cir. 1986) (emphasis supplied).

Further, assuming *Fidone* is "evidence" that could be considered, the circumstances there are quite different from those herein. In *Fidone*, Cantu determined erroneously that he should include a witness on his witness list and disclose prejudicial evidence in an investigative report about that witness. The court of appeal held that Cantu should have known that he had no obligation to disclose that report and should have "put it away and not mention[ed] it." (Dkt. No. 55 at ECF pg. 54.) Here, by contrast, Cantu determined that the damaging report he obtained from Dr. Martinelli *should* be "put away and not mentioned," and that consulting other experts only risked additional reports reaching similar prejudicial conclusions. Cantu's conduct at issue in *Fidone* is not analogous to his conduct in the underlying criminal case here.

In sum, the *Fidone* decision does not raise any substantial issue that would warrant a new trial on the petition. The motion is **DENIED**.

This terminates Docket No. 55.

**IT IS SO ORDERED.**

Dated: August 13, 2019

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

4